IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY NEUHOFF, et al, | ) | CASE NO.  1: 24 CV 324 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| HOSPITALITY GOALS LLC, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter is before the Court on the motion of Plaintiffs Mary Neuhoff, Alexa Lewis,

Heather Pawlus, Bryant Ashford, and Keegan Wilborne (collectively "Plaintiffs") for summary

judgment against Defendant Zdenko Zovkic and for default judgment against Defendant

Hospitality Goals LLC. (ECF #15).  Defendant Zovkic has filed a response to the motion for

summary judgment. Defendant Hospitality Goals has not appeared in this matter and the clerk of

courts has entered default against it. The motion is now fully briefed and ready for decision. For

the reasons that follow, Plaintiffs' motion for summary judgment against Defendant Zovkic is

granted and their motion for default judgment against Defendant Hospitality Goals, LLC is also

granted.

## I.  PROCEDURAL AND FACTUAL BACKGROUND[1]

Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201

---

[1]

 Except as otherwise cited, the factual summary is based on the parties' briefing
supported by evidentiary materials.

*et seq*., and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code §4111.01 *et seq*. Plaintiffs worked at Jade Steak and Sushi ("Jade"), located in The Flats in Cleveland, Ohio. Plaintiffs Neuhoff, Lewis and Pawlus worked as bartenders and servers. Plaintiffs claim that Defendants paid them less than Ohio's tipped employee minimum wage via four methods. First, they allege that they were required to perform work for a substantial amount of time that did not support tips or directly support tip-producing work. Second, they were required to perform work while off the clock. Third, illegal deductions were allegedly made from paychecks and fourth, management paid some of their tips to management or individuals not permitted to be in the tip pool.

Plaintiffs Ashford and Wilborne worked as chefs at Jade. They earned $16 and $20 per hour respectively in straight time. Both Ashford and Wilborne assert that they regularly worked more than 40 hours per week but were not compensated at the required rate of time and a half. Further, Ashford claims that his final paycheck was not paid to him because it bounced and Wilborne states that he was not paid his final paycheck by Defendants.

Defendant Hospitality Goals LLC is a limited partnership that owned Jade. Jade is no longer in operation but in 2023 had revenues between $1.7 and $1.8 million. Zovkic Depo. P. 11, 12. Defendant Zovik was the general partner and operations manager of Hospitality Goals LLC and ran Jade during Plaintiffs' employment. Id. at 11-12.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The burden of showing the absence of any such "genuine issue"

rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations omitted). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and

-3-

convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6ᵗʰ Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6ᵗʰ Cir. 1995). Evidence may be presented by citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c). In lieu of presenting evidence, Fed. R. Civ. P. 56(c) also allows that a party may show that the opposing party's evidence does "not establish the presence of a genuine dispute" or that the adverse party "cannot produce admissible evidence to support the fact."

According to Fed. R. Civ. P. 56(e),

[i]f a party fails to properly support an assertion of fact, or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

(4) issue any other appropriate order

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in

favor of either party." *Anderson*, 477 U.S. at 250.

### III. DISCUSSION

Plaintiffs have sued both Hospitality Goals LLC and Zdenko Zovkic for violations of the FSLA and OMFWSA. Default was entered against Hospitality Goals on November 19, 2024 and it has never appeared or defended this action. Zdenko Zovkic has participated in the litigation acting *pro se*. The FLSA and OMFWSA apply to Mr. Zovkic as Plaintiffs' employer. Under the economic reality test used in the Sixth Circuit to determine whether a person is an employer responsible for FLSA obligations, Mr. Zovkic acted as a "person acting directly or indirectly in the interest of an employer in relation to an employee." *Jones v. Animal Enterprise Worldwide, LLC*, Case No. 21CV653, 2022 WL 592945 at *2 (N.D. Ohio Feb. 28, 2022) (internal citations omitted.) See also, Am. Compl. ¶¶ 10-13 (ECF #5) and Answer, ¶¶ 5,7 (ECF #7).

#### A. The tipped workers

The three Plaintiffs who worked as bartenders and servers for Defendants, Mary Neuhoff, Heather Pawlus and Alexa Lewis, were tipped employees. See Neuhoff Decl. ¶4, Lewis Decl. ¶4, Pawlus Decl. ¶4. As such, if permitted to use a tip credit, Defendants were required to pay Plaintiffs at least half the Ohio minimum wage rate, or $4.65 per hour in 2022 and $5.05 for hours worked in 2023. The tip credit is forfeited upon violation. See 29 U.S.C. § 216(b) ("[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and an additional equal amount as liquidated damages." Further, Ohio law permits liquidated damages of an additional two times to be paid for minimum

wage violations. See Ohio Rev. Code § 4110.10; Ohio Rev. Code § 4111.14(J) ("damages shall be calculated as an additional two times the amount of back wages.")

Plaintiffs declare that Defendants paid Neuhoff, Lewis and Pawlus less than Ohio's tipped employee minimum wage in four ways:

First, Neuhoff, Lewis and Pawlus were required to perform work that is not part of their tipped occupation and did not directly support tip producing work in violation of 29 CFR § 531.56(f)(5) such as taking out trash, dusting, sweeping areas where they did not bartend or serve, putting lamps on tables, washing dishes, making salads and other food, moving furniture, replacing light bulbs, cleaning stairwells, removing bugs from window sills, cleaning garage doors, walls and bathrooms, repairing toilets, replacing toilet paper in bathrooms, working security, and pest extermination. See Neuhoff Decl.¶ 6, Lewis Decl. ¶ 6 and Pawlus Decl.¶6. Moreover, even if some of those tasks were in support of performing tipped work, such support cannot exceed 30 minutes for any continuous amount of time. See 29 C.F.R. 531.56(f)(5). Ms. Neuhoff, Ms. Lewis and Ms. Pawlus all assert that they were required to spend more than 30 minutes performing tip supporting work such as rolling napkins and silverware, polishing silverware and glasses, and stocking and breaking down the bars. See Neuhoff Decl.¶ 6, Lewis Decl. ¶ 6 and Pawlus Decl.¶6. Defendants pay of tipped employee wages for non-tipped work violates the FLSA making them liable for the deficit in pay as well as federal and state permitted liquidated damages.

Second, the tipped employees state that they were required to perform work while off the clock, resulting in them being paid less than minimum wage. See Neuhoff Decl.¶ 7, Lewis Decl. ¶ 7 and Pawlus Decl.¶ 7 Unpaid off the clock work violates both federal and Ohio law. See 29

U.S.C. §§ 201-219; 29 C.F.R. § 516.2(a)(7); Ohio Rev. Code § 4111.10. Ms. Neuhoff states that she worked at least 130 hours off the clock, Ms. Lewis worked at least 180 hours off the clock and Ms. Pawlus worked at least 234 hours off the clock. See Neuhoff Decl.¶ 7, Lewis Decl. ¶ 7 and Pawlus Decl.¶ 7.

Third, Ms. Lewis and Ms. Pawlus assert that illegal deductions were made from paychecks, including unauthorized and unexplained deductions and penalties for dine and dash customers. See Lewis Decl. ¶ 8 and Pawlus Decl.¶8. Ms. Lewis had an unauthorized deduction of $50 from her November paycheck and Ms. Pawlus had an unathorized deduction of $550 from her final paycheck and was also held responsible for dine and dash customers, having those customer's bills docked from her pay. See Lewis Decl. ¶ 8 and exhibit thereto; Pawlus Decl. ¶ 8 and exhibit thereto. The deductions taken by Defendants dropped Ms. Lewis and Ms. Pawlus below the tipped minimum wage and violated Ohio Rev. Code § 4114.14 and the FLSA.

Fourth, the tipped employees assert that tips owed to them were withheld by management and paid to "Jade Pool" and individuals not permitted to be in the tip pool. See Neuhoff Decl.¶ 8, Lewis Decl. ¶ 9 and Pawlus Decl.¶9. As a result of these violations, Plaintiffs assert that they should have been earning the full minimum wage for their employment instead of the tipped minimum wage. The deficit in what they earned compared to what they were owed is the back pay for improper tip credit as well as damages permitted by Ohio law. Thus, Plaintiffs have calculated that they are entitled to the following damages for improper tip credit under the FSLA and Ohio law:

Ms. Neuhoff: $11,018

Ms. Lewis: $7,820

Ms. Pawlus: $16,062

See Neuhoff Decl. ¶9; Lewis Decl. ¶10; Pawlus Decl. ¶10.


### B. Non-tipped Plaintiffs

Plaintiffs Ashford and Wilborne worked as chefs at Jade and were paid $16 and $20 per hour respectively. Ashford Decl. ¶¶ 4, 8; Wilborne Decl. ¶¶ 4, 6.  Both Plaintiffs claim that they were not paid overtime wages for some of the overtime hours they worked. Under both Federal and Ohio law, non-exempt employees that work over 40 hours per week are required to be paid at a rate of one and a half times their pay. See 29 U.S.C. §207; Ohio Rev. Code § 4111.03; Ohio Rev. Code § 4111.10. If a violation of the overtime provision of the FLSA is found, liquidated damages should be awarded. 29 U.S.C. § 216 ("Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.")

Mr. Ashford states that he worked at least 50 hours per week during the 13 weeks he worked at Jade and he was never paid overtime wages. Ashford Decl. ¶¶ 6-7. He asserts that he should have been paid overtime pay of $24 per hour for the 10 hours of overtime he worked each week. The difference in pay over the 13 weeks he worked amounts to $1,040 in unpaid overtime wages plus $1,040 in liquidated damages. Ashford Decl. ¶ 9.

Mr. Wilborne states that he worked six days per week, at least 58 hours per week for the Defendants. He worked at least 18 hours each week where he should have been compensated at his overtime wage of $30 per hour for the 14 weeks he worked for Defendants–amounting to

-8-

$2,520 in unpaid overtime wages. Wilborne Decl. ¶¶ 8-9. Defendants repaid Mr. Wilborne $600 in overtime pay that was owed to him, but still owe him $1,920 in unpaid overtime wages plus $1,920 in liquidated damages. Id. ¶ 7-11.

Plaintiffs Ashford and Wilborne also note that Defendants committed minimum wage violations for bouncing checks or not paying employees their final paycheck. Mr. Ashford did not get his final paycheck of $1,880 because the check he was given bounced. Ashford Decl. ¶ 7 Mr. Wilborne was not paid is his final paycheck of $1,280. Wilborne Decl. ¶ 7.  The employees are thus entitled to the full amount of the paycheck missed in addition to an additional two times Ohio liquidated damages. See Ohio Rev. Code § 4111.14(J) ("damages shall be calculated as an additional two times the amount of back wages"). Thus Mr. Ashford is entitled to his final paycheck of $1,880 plus liquidated damages of $3,760. Mr. Wilborne is entitled to his final paycheck of $1,280 plus liquidated damages of $2,560. In addition, Ms. Neuhoff also states that she was not paid her last paycheck of $1,800 and is owed that amount plus $3,600 in liquidated damages. Neuhoff Decl. ¶ 10.

### C. Total Damages

As fully calculated in their declarations the Plaintiffs request the following amounts for Defendants violations:

| | |
|---|---|
| Ms. Neuhoff: | $20,356.98 |
| Ms. Lewis: | $13,274.28 |
| Ms. Pawlus: | $24,241.05 |
| Mr. Ashford: | **$7,720.00** |
| Mr. Wilborne: | $7,680.00 |

See Declarations of Neuhoff, Lewis, Pawlus, Ashford and Wilborne and Exhibits A-E.

Plaintiffs have submitted sufficient documentation and testimony to meet their burden of showing that they were improperly compensated under the FSLA and OMFSWA and to support their calculation of their damages. Defendant Zovkic filed a brief in opposition to Plaintiffs' motion for summary judgment but failed to include any affidavit, declaration or deposition. As such, he has failed to rebut the factual evidence submitted by Plaintiffs.

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Summary Judgment (ECF #15) against Defendant Zovkic and default judgment against Defendant Hospitality Goals, LLC are granted and Plaintiffs are awarded damages as follows: $20,356.98 to Ms. Neuhoff, $13,274.28 for Ms. Lewis, $24,241.05 for Ms. Pawlus, $7,720.00 for Mr. Ashford and $7,680.00 for Mr. Wilborne. When a plaintiff prevails on an FSLA claim, the FSLA requires the Court to award a reasonable attorney's fee to be paid by the defendants. Plaintiffs shall file their request for attorney's fees with supporting documentation by May1, 2025.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: March 26, 2025

-10-